CENTRAL TRUST CO. OF NEW YORK v. RICHMOND & D. R. CO.
(DODGEN, Intervener).

(Circuit Court, N. D. Georgia. May 30, 1895.)

No. 551.

EQUITY PRACTICE—REOPENING CASE BEFORE MASTER.

    After a master in chancery had prepared a draft of his report, and submitted it to the parties, to afford them an opportunity to except before

him prior to its filing, one of the parties petitioned the master to reopen the case, and give him an opportunity to put in certain material testimony which he had inadvertently omitted to offer, which petition was granted. *Held*, that the action of the master in reopening the case would not be disturbed by the court, it not appearing that he had abused his discretion.

J. T. Pendleton, for intervener.

Jackson & Leftwich, for defendant.

NEWMAN, District Judge. The practice in this district, following what is believed to be the correct chancery practice, is for the master in chancery to prepare a draft of his report, and notify counsel of the same, to which they must except before him, prior to the filing of the report regularly by the master in the clerk's office, in order to have their exceptions considered by the court after the same has been filed. On the filing of a draft of the special master's report in this case, counsel for the intervener called the attention of the special master to the fact that by inadvertence they had failed to put in certain testimony which was material to their case. The special master, after hearing the matter, determined to reopen the case, and hear the evidence. The question submitted here is whether the court will overrule the master's action in reopening the case for the admission of additional testimony. At that stage of the case the question of reopening it for hearing further evidence was a matter for the special master, and the court ought not to interfere with his discretion, unless it has been abused. The petition to the special master to reopen this case was sworn to by the two counsel for the intervener, and in the petition they state that the omission of the testimony which they now desire to introduce was inadvertent, caused by the long duration of the case and the manner in which it was tried, in connection with several other cases, and this, they claim, confused them as to what testimony was really in. I am unable to see that the discretion which the special master certainly ought to have in such matters has been abused. He still had the case within his control. He had prepared a draft of this report, and given counsel notice of the same, but it had not been regularly filed in the court, so as to take it out of his power to act in the matter. He believed that under the facts it was his duty to reopen the case, and the court will not interfere with him in so doing.